No. 4981. APRIL 19, 1926.

---

### HOWELL *et al. v.* THE STATE.

PER CURIAM. 1. Where an extraordinary motion for new trial is based upon alleged newly discovered evidence of a witness, and where the evidence touching the credibility of such witness is in conflict, it is the general rule that the judgment of the trial court refusing a motion for new trial on this ground will not be disturbed. The facts of this case bring it within the general rule.

2. With the exception of the witness referred to in the above headnote, the remainder of the alleged newly discovered evidence is of slight materiality, and, if entitled to any weight whatsoever, should not properly affect the result on another trial.

*Judgment affirmed. All the Justices concur.*

No. 5221. APRIL 19, 1926.

Rape. Before Judge Camp. Laurens superior court. November 23, 1925.

Leo Hill and Clarence Howell were convicted of the offense of rape. Their motion for a new trial was overruled, and the judgment of the court below was affirmed. *Howell* v. *State,* 160 *Ga.* 899 (129 S. E. 436). In the writ of error now here exception is taken to the overruling of an extraordinary motion for a new trial. The motion is based upon the evidence of three witnesses, alleged to be newly discovered. Eulie Fordham testified by affidavit for movants: "That on afternoon of January 4th, 1925, it being Sunday, I went to Cedar Grove on a truck, had taken Mr. McLendon there. In coming back home, near Mr. McLendon's

mill, I saw a car turn off the public road. It attracted my attention, and I watched the car until it stopped in the road, not so very far from the public or big road. I suspected something, and hid myself where the parties in the car could not see me, and watched them. I immediately recognized the two men as being Clarence Howell and Leo Hill, but did not know the girls, and did not recognize them at the time. I noticed that one of the girls got out of the car, together with Clarence Howell, and went into the woods, a distance of something like a distance of one to one hundred and fifty yards. They went along talking and laughing with each other. They finally stopped, something like one or one hundred and fifty yards from where the car stopped in the road, and I saw the young lady lay down, and saw her and Clarence Howell go through the act of sexual intercourse right there in the woods. I was close enough to see them plainly, but did not let them see me at all. There was no force used whatever on the part of Mr. Howell in the sexual act. As to Mr. Hill, he and the other young lady that was in the car did not get out of the car, but remained in there until Mr. Howell and the other young lady returned. They, Mr. Howell and the young lady with them, got into the car, and they all drove off. The reason I have never mentioned this before is that I did not want to get into court. I feel that I should tell the truth about it, and this is the truth." Movants offered the affidavits of four persons to the effect that they were acquainted with the witness Fordham; that his reputation for character in the community where he lives is good; and that they would believe him on oath. The State offered the affidavits of a number of witnesses to the effect that they were acquainted with the witness Fordham; that his reputation for character in the community where he lives is bad, and that they would not believe him on oath; and that he had made to some of them statements in contradiction of the statements contained in his affidavit.

*Hardwick & Adams, G. H. Williams, J. L. Kent, T. P. Stephens,* and *E. L. Stephens,* for plaintiffs in error.

*George M. Napier, attorney-general, Fred Kea, solicitor-general, T. R. Gress, assistant attorney-general,* and *Hightower & New,* contra.